**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 26-207** |
| **JOANN GREEN** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

From April 2021 through October 2021, defendant JoAnn Green devised a scheme to obtain a disaster-related Paycheck Protection Program (”PPP”) loan to which she knew she was not entitled. In late April 2021, she submitted an online application to the Small Business Administration (“SBA”) and Blue Ridge Bank and Trust Company(“Blue Ridge”) for Comfort Homecare Agency (“Comfort Homecare”), in which she falsely claimed that Comfort Homecare was an operating business and had nine employees and an average monthly payroll of $59, 993. Based on these and other false representations, the SBA approved her PPP loan and the defendant received a loan in the amount of $147,382. As a result of her fraudulent scheme, she faces a guideline range of 8 to 14 months' imprisonment. For the resaons set forth below, the defendant should receive a sentence within this guideline range.

## I. BACKGROUND

On May 12, 2026, the defendant was charged by information with one count of wire fraud, in violation of 18 U.S.C. § 1343. On June 10, 2026, pursuant to a written plea agreement, the defendant waived indictment and pled guilty to the information. She is scheduled to be sentenced by this Court on October 28, 2026.

## II. SENTENCING CALCULATION

### A. Statutory Maximum Sentence

A violation of Title 18, United States Code, Section 1343 carries a maximum penalty of 20 years' imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment.

### B. Sentencing Guidelines Calculation

The Probation Office correctly calculated the defendant's advisory guideline range in the PSR as follows:

| | |
|---|---|
| Base Offense Level<br>§§ 2B1.1(a)(1), b(1)(E) | 15 |
| Zero-Point Offender<br>§ 4C1.1(a) | -2 |
| Acceptance of responsibility<br>§ 3E1.1(a) | -2 |
| Total Offense Level | 11 |

Because the defendant's criminal history score is zero, she is in Criminal History Category I. Her guideline sentencing range is 8 to 14 months' imprisonment (Zone B).

## III. ANALYSIS

As discussed below, a thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is one within the advisory guideline range. The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for asserting appropriate and uniform punishment

for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for –

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced; . . .

(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Each of the § 3553(a) factors is discussed below:

A. The nature and circumstances of the offense and the history and <u>characteristics of the defendant</u>

1. The nature and circumstances of the offense

The defendant committed a serious offense, which had a detrimental effect on a government program designed to prevent businesses from failing during the COVID pandemic. She used her know-how to take advantage of a safety-net program created to benefit society. She

chose fraud and deceit over honesty. She worked for the city of Philadelphia at the time and did not appear to be in financial distress. She committed this crime out of greed, electing to spend the loan proceeds to support her lifestyle. She used the funds to make substantial home improvements, to travel, and to pay personal expenses.

2. The history and characteristics of the defendant

The defendant is 65 years old. She is married with two adult children. She appears to have strong family support. She accepted responsibility for this offense by readily offering to plead guilty. As noted in the PSR, the defendant has had employment during much of her adult life. PSR ¶ 74-76.

B. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

The sentence imposed in this case must reflect the fact that the defendant intentionally stole money to which she knew she was not entitled. She is an intelligent individual who was capable of understanding the harmful effect of her criminal acts. She must be held accountable for her conduct, which caused economic harm to an important government program.

C. The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant

Because the defendant readily accepted responsibility for her offense, there appears to be little need for specific deterrence. However, general deterrence is one of the prescribed goals of every sentencing, *United States v. Pugh*, 515 F.3d 1179, 1194 (11th Cir. 2008), and it occupies an important role in sentencing for financial crimes. Other individuals who contemplate fraud against the government should see that they will face serious repercussions for such behavior. *See United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) "(Because economic and fraud-based crimes are more rational, cool, and calculated than

sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence.") (internal quotations omitted).

D. The need to avoid unwarranted sentencing disparities

A sentence within the guideline range will not result in unwarranted disparities.

E. The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner

The defendant is retired and does not appear to require any educational or vocational training. She does not report any medical conditions that need to be addressed by the justice system.

## IV. RESTITUTION

The defendant has agreed in her plea agreement to make restitution of $147,382 to the SBA.

## V. SUPERVISED RELEASE

Pursuant to Sections 5D1.1 and 5D1.2 of the Sentencing Guidelines, as amended effective November 1, 2025, the Court is directed to conduct an "individualized assessment" when deciding whether to impose a term of supervised release, and if supervised release is imposed, how long the term should be. The guideline commentary, consistent with 18 U.S.C. § 3583(c), provides that the "individualized assessment" should rest on consideration of the same sentencing factors under 18 U.S.C. § 3553(a) that are considered with respect to a term of imprisonment, with the exception of Sections 3553(a)(2)(A) (the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and 3553(a)(3) ("the kinds of sentences available"), which do not apply with regard to supervised release decisions.

## VI. CONCLUSION

For all the reasons stated above, the government submits that all of the appropriate considerations of sentencing favor the imposition of a sentence within the advisory guideline range of 8 to 14 months' imprisonment.

Respectfully submitted,

DAVID METCALF
United States Attorney

*s/ Terri A. Marinari*
TERRI A. MARINARI
Assistant United States Attorney

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the government's sentencing memorandum has been served this date by email and electronic filing upon:

Liam J. Riley, Esquire
lriley@wwdlaw.com

*s/ Terri A. Marinari*
TERRI A. MARINARI
Assistant United States Attorney

Dated: October 22, 2026